■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM E. NICHOLS, Appellant.— Judgment unanimously modified to provide that defendant is sentenced to Elmira Reception Center until discharged by law and, as modified, judgment affirmed. Memorandum: In the exercise of a proper discretion the court should not have imposed a maximum term of seven years. The record (including the probation report) discloses no reason for this longer sentence imposed on appellant, who was under 21 years of age, than was imposed on the codefendant, Dunbar, who was over that age. While both sentences were legally permissible (cf. Correction Law, § 61, subd. 2; Penal Law, §§ 1295, 2185) we find no justification for the implied finding that it requires seven years to "reform" one under 21 years of age while one over that age may presumably be "reformed" in five years. In affirming we comment on two grounds for reversal presented by appellant. It would have been preferable for the trial court not to have assigned members of the same law firm to represent appellant and the codefendant, Dunbar. Inasmuch, however, as the trial did not produce any conflict of interest between the two defendants we find no resulting impairment of the legal rights of either. The Trial Judge unfortunately on several occasions injected himself into the trial in an unseemly and improper manner. This we condemn. Particularly grievous was his act at the conclusion of the direct examination of appellant. It appears that at some previous date this defendant had written to the Judge stating that he wanted to plead guilty to the indictment. Before the prosecutor commenced cross-examination the Judge stated in the presence of the jury that it was his "duty" to show the letter to the prosecutor. Thereupon, the latter attempted to cross-examine Nichols about the contents of the letter. When objection was made on the ground of irrelevancy the Judge responded "It certainly has (relevancy), it is an admission." When defense counsel persisted the Judge replied: "You may call it whatever you want. We will let the jury decide on the fact of it what it is." Objection was then made that the prosecutor had not notified defendant prior to trial of an intention to use such admission (cf. Code Crim. Pro., § 813-f). This objection was ignored by the court but the prosecutor dropped the subject and it does not appear that the jury learned of the contents of the letter. "The function of the trial court is to preserve scrupulously the legal rights of both the People and the accused and not to assure victory or defeat for either contestant. More important than any verdict or judgment are the legal principles which govern the fundamental rights of all." (People v. De Martino, 252 App. Div. 476, 480). While we do not condone the acts of the trial court, proof of guilt herein is overwhelming. All three defendants testified and in substance admitted that they participated in the unauthorized use of the motor vehicle. We affirm pursuant to the mandate of the statute (Code Crim. Pro., § 542). (Appeal from judgment of Chautauqua County Court convicting defendant of grand larceny first degree.) Present— Williams, P. J., Bastow, Marsh, Witmer and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN RAYMOND SNYDER, Appellant.— Judgment unanimously modified to provide that defendant is sentenced to Elmira Reception Center until discharged by law and, as modified, the judgment is affirmed. See Memorandum in People v. Nichols (30 A D 2d 635) decided concurrently herewith. (Appeal from judgment of Chautauqua County Court, convicting defendant of grand larceny first degree.) Present— Williams, P. J., Bastow, Marsh, Witmer and Henry, JJ.